UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANS' - GLOBAL LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIA DETOMASI, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-02149-WHO<br><br>**ORDER ON MOTION TO SERVE DISSOLVED CORPORATION THROUGH THE CALIFORNIA SECRETARY OF STATE**<br><br>Re: Dkt. No. 124 |

　　　　This is an environmental contamination case involving claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.* and various state laws. Plaintiff Trans' - Global LLC is the current owner of the real property located at 1053 El Camino Real, South San Francisco, California. Second Amended Complaint ¶ 1 (Dkt. No. 109). Plaintiff alleges that during the course of defendants' ownership or use of the property from 1964 to 2010, various hazardous materials were disposed of and released into the property and surrounding environment. *Id.* ¶ 12. Among other remedies, plaintiff seeks to hold defendants liable for the "necessary costs of response" to this contamination. *Id.* ¶ 23.

　　　　In this motion, plaintiff seeks authorization under California Corporations Code section 2011(b) to serve defendant Select Income Properties, Buri-Buri Shopping Center, Inc. ("Select Income") through the California Secretary of State. Mot. at 2 (Dkt. No. 124). Select Income is a dissolved California corporation that owned the subject property from 1964 to 1977. Brandt Decl. ¶¶ 3, 6 (Dkt. No. 125). Plaintiff has been unable to identify an agent for service of process for Select Income and has obtained information indicating that each of its former officers and directors is deceased. *Id.* ¶ 6.

Plaintiff also asks that I impose costs under Federal Rule of Civil Procedure 4(d)(2) [1] against The Travelers Indemnity Company ("Travelers") for its allegedly improper failure to sign and return a request for waiver of service of summons sent to it by plaintiff. Mot. at 2. Travelers provided insurance to Select Income during a portion of the period that it owned the subject property. Brandt Decl. ¶ 4.

No opposition to the motion has been filed. There is no need for oral argument and the hearing set for July 1, 2015 is VACATED.

California Corporations Code section 2011(b) governs service of summons on dissolved corporations. Cal. Corp. Code § 2011(b); *Penasquitos, Inc. v. Superior Court*, 53 Cal.3d 1180, 1185-86 (1991). It states as follows:

> Summons or other process against [a dissolved] corporation may be served by delivering a copy thereof to an officer, director or person having charge of its assets or, if no such person can be found, to any agent upon whom process might be served at the time of dissolution. If none of such persons can be found with due diligence and it is so shown by affidavit to the satisfaction of the court, then the court may make an order that summons or other process be served upon the dissolved corporation by personally delivering a copy thereof, together with a copy of the order, to the Secretary of State or an assistant or deputy secretary of state. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 2011(b). Based on plaintiff's motion and the declaration and exhibits attached thereto, I am satisfied that plaintiff has made a diligent effort to locate one of the persons identified in section 2011(b), and that "none of such persons can be found with due diligence." *Id.* Accordingly, plaintiff's request for an order allowing it to serve Select Income through the California Secretary of State is GRANTED. Plaintiff may serve Select Income through the

---

[1] Under Federal Rule of Civil Procedure 4(d)(1), "an individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1).

Rule 4(d)(2) provides that "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

1  Secretary of State or an assistant or deputy secretary of state in the manner prescribed by section
2  2011(b).

3  On the other hand, plaintiff's request that I impose costs under Rule 4(d)(2) against
4  Travelers is DENIED.  By its plain language, Rule 4(d)(2) applies only where the entity that fails
5  to sign and return the waiver request is a defendant.  Fed. R. Civ. P. 4(d)(2).  Travelers has not
6  been named as a defendant in this action.  While Travelers may have insured Select Income with a
7  policy against which plaintiff can recover, *see* Cal. Corp. Code § 2011(a)(1)(A), plaintiff cites no
8  authority that Travelers has an obligation (or would even be authorized) to accept service for its
9  dissolved policy holder and be responsible for costs under Rule 4(d)(2).

10  If plaintiff locates authority to support its position regarding payment of service costs, it
11  may renew its motion for costs at a later date.

12  **IT IS SO ORDERED**.

13  Dated: June 25, 2015

_____
WILLIAM H. ORRICK
United States District Judge