UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANS' - GLOBAL LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>LIA DETOMASI, et al.,<br><br>   Defendants. | Case No. 13-cv-02149-WHO<br><br>**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 147, 151 |

## INTRODUCTION

This is an environmental contamination case involving claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.* and various state law causes of action. Plaintiff Trans' − Global LLC ("TGL"), the current owner of a commercial property in South San Francisco, seeks to recover from a number of prior owners and operators of the property on account of contamination to the property caused by a dry cleaning facility that operated there for several decades prior to TGL's purchase. Among several other parties, TGL identifies Marcia Melnikoff as a prior owner of the property, both (1) in her capacity as trustee of the Testamentary Trust Under the Will of Josephine Bertolucci (the "Testamentary Trust"); and (2) in her capacity as trustee of the Lawrence R. Bertolucci Revocable Living Trust Dated June 6, 2007 (the "Living Trust").

Melnikoff[1] has filed two motions for summary judgment, one on behalf of the Testamentary Trust and the other on behalf of the Living Trust. The motion on behalf of the Testamentary Trust turns on whether the one year statute of limitations prescribed by California Code of Civil Procedure § 366.2 applies to the claims against Melnikoff. Because Melnikoff has not established as a matter of law that it does, the motion on behalf of the Testamentary Trust is DENIED. The motion on behalf of the Living Trust is unopposed, and it is GRANTED.

---

[1] All references to Melnikoff in this Order are to her in her capacity as trustee, either of the Living Trust or the Testamentary Trust (or both) depending on the context.

**BACKGROUND**

The material facts are undisputed. TGL purchased a commercial property in South San Francisco (the "Property") in May 2010. It subsequently determined that the Property was contaminated from a former dry cleaning facility that operated on the Property from the 1960s through 2009. The Property is comprised of two parcels, the "El Camino Parcel" and the "Camaritas Parcel." The dry cleaning facility was located on the El Camino Parcel.

Josephine Bertolucci and her husband, Lawrence Bertolucci, purchased an interest in the Property in 1977. Melnikoff Decl. ¶ 9 (Dkt. Nos. 148, 152). Melnikoff is Josephine and Lawrence's daughter. *Id.* ¶ 3. Josephine died on October 4, 1982, and her interest in the Property (which included an interest in both the El Camino Parcel and the Camaritas Parcel) was placed in the Testamentary Trust. The Testamentary Trust maintained that interest in the Property from around 1987 until May 2010. *Id.* ¶¶ 7, 11. Melnikoff was the trustee of the Testamentary Trust throughout that period, and Lawrence was the lifetime beneficiary. *Id.* ¶ 19. In May 2010, the Testamentary Trust's interest in the Property was transferred to Lia and Mario DeTomasi (also defendants in this action). *Id.*

In 2007, Lawrence created the Lawrence Trust and transferred his interest in the Camaritas Parcel (but not the El Camino Parcel) into it. *Id.* ¶ 13-14. In May 2010, the Lawrence Trust transferred that interest to Lia and Mario DeTomasi as part of the same transaction referenced in the preceding paragraph. *Id.* ¶ 15. Lawrence died on August 14, 2010, and Melnikoff became the successor trustee of the Lawrence Trust. *Id.* ¶ 16. Melnikoff states that she is unaware of any transfer of the El Camino Parcel into the Lawrence Trust and has never seen a deed reflecting such a transfer. *Id.* ¶ 18.

TGL initiated this action on May 10, 2013. Dkt. No. 1. Its operative complaint identifies two groups of defendants: the "Owner Defendants" and the "Operator Defendants." Second Amended Complaint ¶¶ 2-7 (Dkt. No. 109).

The Owner Defendants are Select Income Properties; Buri-Buri Shopping Center, Inc.; Buri-Buri Shopping Center; Lia DeTomasi, Mario DeTomasi; Lori Thornton; Jeffrey Donati; Daniel Donati; Lawrence Bertolucci; Lia DeTomasi as trustee of the Bertha A. Donati Trust fbo

Marc Donati; Lia DeTomasi and Mario DeTomasi as trustees of the DeTomasi Family Trust u/a/d June 28, 2005; Lori Thornton and Lia DeTomasi, as trustees of the Bertha Donati Trust u/a/d September 30, 1996; Marc Donati and Vickie Donati, as trustees of the Bertha A. Donati Trust; Paul Donati, Elisa Donati, Elisa M. Donati Klunis and Steve Donati, as trustees of the Julio A. Donati Family Trust u/a/d June 21, 2002; and Melnikoff as trustee of Testamentary Trust and the Lawrence Trust. *Id.* ¶ 2.

The Operator Defendants are Herman Cohen, Thomas Palmer, Ki Moon Hong, Myung Hong, Seo Ok Oh, Sun Ye Oh, Sumi Kimura, and George Kimura. *Id.* ¶ 5.

TGL brings nine causes of action against the Owner and Operator Defendants: (1) cost recovery under CERCLA, 42 U.S.C § 9607(a); (2) declaratory relief; (3) contribution and indemnity under California Health and Safety Code § 25363(c); (4) failure to provide notice of release under California Health and Safety Code § 25359.7; (5) equitable indemnity and contribution; (6) nuisance; (7) trespass; (8) waste; and (9) negligence. *Id.* ¶¶ 17-64.

In addition, a number of the Owner and Operator Defendants have filed counterclaims against TGL and crossclaims against one another.

On November 11, 2015, Melnikoff filed two motions for summary judgment, one in her capacity as trustee of the Living Trust, (the "Living Trust Motion") (Dkt. No. 147), and another in her capacity as trustee of the Testamentary Trust, (the "Testamentary Trust Motion") (Dkt. No. 151).

In the Living Trust Motion, Melnikoff moves for summary judgment on all claims and crossclaims against the Living Trust (1) because the Living Trust never owned the parcel on which the dry cleaning facility was located; and (2) because under California Code of Civil Procedure § 366.2, any claims against the Living Trust must have been brought within one year of Lawrence's death on August 14, 2010.[2]  Living Trust Motion at 1-2.

---

[2] Section 366.2 provides in relevant part that "[i]f a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply." Cal. Civ. Proc. Code § 366.2(a).

3

1    In the Testamentary Trust Motion, Melnikoff moves for summary judgment on all claims and crossclaims against the Testamentary Trust on the same statute of limitations ground raised in the Living Trust motion, i.e., that under California Code Civil Procedure § 366.2, any claims against the Testamentary Trust must have been brought within one year of Lawrence's death on August 14, 2010. Testamentary Trust at 1-2.

No opposition to the Living Trust Motion has been filed. On November 25, 2015, TGL, Ki Moon Hong and Myung S. Hong (the "Hongs"), and Herman Cohen each filed a statement of nonopposition. Dkt. Nos. 156, 159-60. Although TGL does not oppose the Living Trust Motion, it "requests leave from the 'soft stay' previously entered in this matter in order to propound discovery on Ms. Melnikoff and others with regard to whether probate was ever opened for Mr. Bertolucci's estate, the identity of the administrator [of] the estate and what insurance, if any, Mr. Bertolucci may have had during his ownership of the El Camino Parcel." Dkt. No. 159. TGL also "reserves the right to seek leave to amend to name the Estate of Lawrence Bertolucci as a defendant and pursue applicable insurance." Dkt. No. 159. Melnikoff responds that discovery regarding the administration of Mr. Bertolucci's estate is irrelevant and unnecessary because any claims against him or his estate will be barred by section 366.2. Dkt. No. 163. With respect to the requested discovery regarding Mr. Bertolucci's insurance, if any, she states that she will "cooperate in investigating any potential insurance" and will "voluntarily provide [any] insurance information." *Id.*

The Testamentary Trust Motion is opposed by TGL, Dkt. No. 157, with two joinders, Dkt.

Nos. 161, 162.[3]  The principal argument raised in the opposition brief is that section 366.2 does not apply to the claims against Melnikoff because those claims

> are not based on the liability of Lawrence Bertolucci, the beneficiary of the Testamentary Trust. The claims are based on the liability of [Ms. Melnikoff], which arise from among other things [her] ownership of the Property at the time th[e] contamination occurred. Since [TGL's] claims against Ms. Melnikoff are not "an action . . . brought on the liability of" Lawrence Bertolucci, California Code of Civil Procedure § 366.2 does not apply and the fact that Mr. Bertolucci died more than one year before the complaint was filed is irrelevant.

Opp. at 1 (Dkt. No. 157). I heard argument from the parties on December 16, 2015. Dkt. No. 166.

## LEGAL STANDARD

A party is entitled to summary judgment where it "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if it could reasonably be resolved in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material where it could affect the outcome of the case. *Id.*

The moving party has the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the movant has made this showing, the burden shifts to the nonmoving party to identify specific evidence showing that a material factual issue remains for trial. *Id.* The nonmoving party may not rest on mere allegations or denials from its pleadings, but must "cit[e] to particular parts of materials in the

---

[3] One of the joinders in TGL's opposition is from Thomas Palmer. Dkt. No. 161. He asserts four crossclaims against Melnikoff as trustee of the Testamentary Trust: (1) contribution under 42 U.S.C. § 9613; (2) declaratory judgment under 42 U.S.C. § 9613(g); (3) common law contribution; and (4) equitable indemnity. Dkt. No. 82.

The other joinder is from Lia DeTomasi; Mario DeTomasi; Lori Thornton; Jeffrey Donati; Daniel Donati; Lia DeTomasi as trustee of the Bertha A Donati Trust fbo Marc Donati; Lia DeTomasi and Mario DeTomasi, as trustees of the DeTomasi Family Trust u/a/d June 28, 2005; Lori Thornton and Lia DeTomasi as trustees of the Bertha Donati Trust u/a/d September 30, 1996; and Marc Donati as trustee of the Bertha Donati Trust. Dkt. No. 162. They assert the same four crossclaims against Melnikoff as trustee of the Testamentary Trust as does Palmer, i.e., (1) contribution under 42 U.S.C. § 9613; (2) declaratory judgment under 42 U.S.C. § 9613(g); (3) common law contribution; and (4) equitable indemnity. Dkt. No. 32.

record" demonstrating the presence of a material factual dispute. Fed. R. Civ. P. 56(c)(1)(A). The nonmoving party need not show that the issue will be conclusively resolved in its favor. *See Anderson*, 477 U.S. at 248-49. All that is required is the identification of sufficient evidence to create a genuine dispute of material fact, thereby "requir[ing] a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.* (internal quotation marks omitted). If the nonmoving party cannot produce such evidence, the movant "is entitled to . . . judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex*, 477 U.S. at 323.

On summary judgment, the court draws all reasonable factual inferences in favor of the nonmoving party. *Anderson*, 477 U.S. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* However, conclusory and speculative testimony does not raise a genuine dispute and is insufficient to defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738-39 (9th Cir. 1979).

## DISCUSSION

### I. THE TESTAMENTARY TRUST MOTION

The Testamentary Trust Motion turns on California Code of Civil Procedure § 366.2, which, as noted above, provides in relevant part that

> [i]f a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

Cal. Civ. Proc. Code § 366.2(a). The purpose of the one year limitations period set forth in the statute is to "protect decedents' estates from creditors' stale claims." *Collection Bureau of San Jose v. Rumsey*, 24 Cal.4th 301, 308 (2000).

The parties do not dispute that, at least in certain circumstances, section 366.2 could apply to each cause of action brought by TGL against Melnikoff, including its cause of action under CERCLA. Under Federal Rule of Civil Procedure 17(b), an individual's capacity to be sued in a

representative capacity is determined by the law of the state in which the court is located. *See* Fed. R. Civ. P. 17(b). Courts in this circuit have held that section 366.2 and similar state statutes concern the capacity to be sued and thus apply to CERCLA claims. *See Palmtree Acquistion Corp v. Neely*, No. 08-cv-03168-MHP, 2010 WL 3910370, at *3-7 (N.D. Cal. Oct. 4, 2010) (applying section 366.2 in a CERCLA action); *Pontiac v. Flores*, No. 07-cv-01043, 2011 WL 3846878, at *6-7 (E.D. Cal. Aug. 30, 2011) (same); *see also Louisiana-Pac. Corp. v. ASARCO, Inc.*, 5 F.3d 431, 433-34 (9th Cir. 1993) (holding that a state statute governing when a dissolved corporation can be sued applied in a CERCLA action); *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 817 F.2d 1448, 1451 (9th Cir. 1987) (same).

The parties also do not dispute that TGL's causes of action are indistinguishable for the purposes of the Testamentary Trust Motion – that is, the parties do not dispute that Melnikoff's section 366.2 argument is properly resolved through a common analysis for all claims against her, and that the claims rise and fall together. *See, e.g.,* Mot. at 2; Opp. at 4.

The parties' dispute is focused instead on whether Lawrence is "a person against whom [TGL's claims against Melnikoff] [could have been] brought on a liability of the person." Cal. Civ. Proc. Code § 366.2(a). I agree with TGL that Melnikoff has not shown that Lawrence is such a person. As a number of California courts have recognized, "on its face, section 366.2 applies to claims that could have been brought against the decedent had he or she lived." *Shewry v. Begil*, 128 Cal. App. 4th 639, 644 (2005); s*ee also Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 552 (2008) ("[T]his language contemplates a cause of action that could have been asserted against the decedent while he was alive"); *In re Estate of Yool*, 151 Cal. App. 4th 867, 876 (2007) ("Section 366.2 specifically contemplates an action that may be brought against a person prior to his or her death."). Melnikoff does not argue, much less show, that TGL's claims against her "could have been brought against [Lawrence] had he . . . lived." *Shewry*, 128 Cal. App. 4th at 644. Although TGL makes this same point in its opposition brief – observing that Melnikoff "does not . . . argue that [TGL] could have named Lawrence Bertolucci or any other beneficiary of the Testamentary Trust as a defendant in a cause of action based upon the trust's ownership of the Property," Opp. at 5 – Melnikoff does not directly address the issue in her reply brief.

7

Melnikoff does contend that Lawrence was the "beneficial and equitable owner" of the Property under California law. *See* Opp. at 3-4; *see also Steinhart v. Cty. of Los Angeles*, 47 Cal.4th 1298, 1319 (2010) ("Under general principles of trust law, trust beneficiaries hold the equitable estate or beneficial interest in property held in trust and are regarded as the real owners of that property. The trustee is merely the depositary of the legal title to the property.") (internal quotation marks, citations, and alterations omitted). But she does not explain how, pursuant to this principle, the claims asserted against her could have been asserted against Lawrence had he lived. *See* Reply at 3-6 (Dkt. No. 164). To the contrary, she repeatedly concedes that she is the proper defendant to be sued in this action for liability arising from the Testamentary Trust's ownership of the Property. *See, e.g, id.* at 1 ("Moving Party does not dispute that a trustee is generally a proper defendant with respect to claims asserted against the [trust property], however the trustee holds nominal title only, and is sued only in a representative capacity."); *id.* at 5 (Melnikoff "may be sued in her representative capacity on behalf of the trust"); *id.* at 6 (Melnikoff "is the estate representative and therefore the nominal defendant.").

Melnikoff also cites a number of cases that she contends show that section 366.2 is properly applied to the claims against her, but none of the cases she cites actually supports that position. While a number of the decisions involve trusts in way or another, none involves the situation at issue here – i.e., a claim brought against the trustee of a trust with a deceased beneficiary, arising from property held by the trust during the beneficiary's lifetime. *See Stoltenberg v. Newman*, 179 Cal. App. 4th 287, 292-97 (2009) (applying section 366.2 to claims against a trust where the claims were based on the trust's deceased former trustee's alleged misconduct, and, "[h]ad [the former trustee] been alive, any tort action arising out of the acts alleged by plaintiffs would have been against him, either individually or as trustee, or both," and "trust assets as well as his personal assets might have been reached for his liability"); *Wagner v. Wagner*, 162 Cal. App. 4th 249, 254-256 (2008) (applying section 366.2 to a daughter's claim against her mother's living trust for compensation for time spent caring for her mother during the years immediately preceding her mother's death); *Levine v. Levine*, 102 Cal. App. 4th 1256, 1260-65 (2002) (applying section 366.2 to claims against a trustee of an irrevocable trust based on the

1 deceased settlor's alleged wrongful withdrawal of funds from the investment accounts of his
2 grandchildren). If anything, these cases provide further support for the proposition stated above,
3 i.e., that section 366.2 is limited to claims that could have been brought against the decedent had
4 he or she lived. But Melnikoff fails to explain how the claims asserted against her could have
5 been asserted against Lawrence.

6 Because Melnikoff has not shown that Lawrence is "a person against whom [TGL's claims
7 against her] [could have been] brought on a liability of the person," she has not shown that section
8 366.2's one year limitations of period applies. Cal. Civ. Proc. Code § 366.2(a). Accordingly, the
9 Testamentary Trust Motion is DENIED.

## II.   THE LIVING TRUST MOTION

No party opposes the Living Trust Motion, and it is GRANTED. With respect to TGL's request to propound discovery on Melnikoff and others regarding Lawrence's estate and insurance coverage, if any, the parties indicated at the hearing that they believed that they would be able to resolve the pending discovery issues without the Court's assistance. If the issues cannot be resolved through the meet and confer process, the parties shall file a joint letter per the Discovery Disputes section of my Standing Order for Civil Cases.

## CONCLUSION

The Testamentary Trust Motion is DENIED, and the Living Trust Motion is GRANTED. The "soft stay" previously entered in this case remains in effect, as does the current schedule for the next joint status report and case management conference.

**IT IS SO ORDERED**.

Dated: December 23, 2015



WILLIAM H. ORRICK
United States District Judge

9